CARY FAMILY MEDICINE, A NORTH CAROLINA CORPORATION, AND KAREN M. POWER v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

No. 8710SC651

(Filed 16 February 1988)

**Insurance § 38.4— group health insurance—misrepresentations as to medical examinations and disorders—plaintiff not entitled to coverage**

The trial court properly determined that plaintiff was not entitled to insurance coverage under a group policy written by defendant where plaintiff made material misrepresentations with regard to examinations by doctors during the previous five years and indications of any disorders not disclosed in other questions, since plaintiff indicated no examinations and no knowledge of any disorders when in fact she had known about a lump in her hand for one and one-half years, had seen three physicians about the lump, and was scheduled to have the lump surgically excised at the time she made application for insurance coverage, and the lump proved to be a rare form of cancer requiring extensive treatment.

APPEAL by plaintiffs from *Barnette, Judge*, at the 10 March 1987 Civil Non-Jury Session of Superior Court, WAKE County. Heard in the Court of Appeals 4 December 1987.

*William A. Smith, Jr., for plaintiff appellants.*

*Emanuel and Emanuel by Robert L. Emanuel for defendant appellee.*

COZORT, Judge.

Plaintiff Karen Power, an employee of plaintiff Cary Family Medicine, Inc. (CFM), submitted a written application to be included in CFM's group medical insurance plan provided by defendant Prudential Insurance Company of America (Prudential). Power submitted the application on 7 June 1984, and Prudential provided coverage for her beginning 14 June 1984. On 10 July 1984 Power had a small tumor removed from her hand. Pathological studies revealed a rare form of cancer. Power submitted claims to Prudential for the numerous treatments and extensive medical expenses which followed discovery of the malignancy. Prudential refused to pay the claims. On 12 September 1985 Power and CFM filed a Declaratory Judgment action asking the court to declare that a valid contract of insurance existed between Power and defendant Prudential. After defendant filed its answer and substantial discovery was conducted, Prudential moved, on 26 April 1986, for summary judgment. The trial court filed a judgment on 12 March 1987 declaring that Power was not entitled to coverage under Prudential's contract with CFM. Plaintiffs appeal. We affirm.

Plaintiffs submit one argument on appeal: That the trial court erred by entering judgment for defendant because there are genuine issues of material fact which should be tried before a jury. We disagree. Defendant's denial of coverage was based on Power's answers to questions in the application relating to examinations by physicians within the past five (5) years and the existence of any disorder or disease not disclosed in the answer to previous questions. Specifically, Power answered the pertinent questions as follows:

> 9. Have you, within the past 5 years, consulted or been attended by or been examined by any doctor or other practitioner?

> No.

10. Have you any deformity, or any indication of any physical or mental disorder or any disease not disclosed in the answers to Questions 6, 7, 8 or 9?

No.

11. Give below details of "Yes" answers:

* * * *

9. Annual OB/GYN check up — 2-84 . . . Dr. Telfer, Cary, N. C. All OK — clean bill of health.

During discovery, uncontroverted evidence was established that Power knew she "probably" had a lump on her hand for about a year and a half prior to 7 June 1984 and that she had seen three physicians about the lump within that year and a half. At the time she made application for insurance coverage, she was scheduled to have the lump surgically excised, although the exact date of surgery had not been established. None of these facts were disclosed in the application for coverage. Defendant submitted an affidavit from one of its underwriting officials testifying that, had these facts been disclosed in the application, Power would have been rejected for coverage under CFM's policy, consistent with defendant's established underwriting practices, policies and procedures.

We hold this uncontroverted evidence is a sufficient basis for the trial court's granting of summary judgment.

N.C. Gen. Stat. § 58-30 provides:

All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy.

Our review of the record below leads us to the inescapable conclusion that Power's responses to questions 9, 10, and 11 must be deemed material misrepresentations and that the defendant was justified in denying coverage when the facts became known. Power's answers were clearly false, and their materiality cannot be seriously debatable, given the affidavit of defendant's underwriting official.

Plaintiffs argue that the defendant must show, in addition to the fraudulent and material statements, that the statements were *knowingly* and *willfully* made, and that those two issues should be passed on by the jury. Plaintiffs rely on *Bryant v. Nationwide Insurance Company*, 313 N.C. 362, 329 S.E. 2d 333 (1985). Their reliance is misplaced; *Bryant* is distinguishable.

In *Bryant*, the Supreme Court held that it was a jury question on whether the insured had misrepresented his marital status and financial condition during the insurer's investigation of his claim. *Id.* at 372, 329 S.E. 2d at 339. The court found there was a question of the materiality of the facts misrepresented. *Id.* at 372, 329 S.E. 2d at 340. Further, the insured had limited education; there was repeated extensive questioning by the insurer; and there were questions as to whether the insured's answers were to the best of his ability. *Id.* at 374-75, 329 S.E. 2d at 340-41.

None of those facts or issues are present in the case below. The materiality of Power's answers are obvious. The other issues present in *Bryant* were simply nonexistent below. Judgment for defendant was correct, and the trial court is

Affirmed.

Judges BECTON and EAGLES concur.